WELLES AND OTHERS *v.* THE MAYOR, RECORDER, ALDER-
MEN AND FREEMEN OF THE CITY OF DETROIT.

The Mayor's Court of the City of Detroit, has no jurisdiction of proceedings against
debtors by attachment under R. S. 1838, p. 506, ch. 1.

CERTIORARI to the Mayor's Court of the city of Detroit.
The proceedings in that court were under the provisions
of ch. 1, p. 506 of the Revised Statutes of 1838, entitled
" Of proceedings against debtors by attachment." The
Mayor, &c. were plaintiffs, and Welles and others defend-
ants. The writ of attachment by which the suit was
commenced, was issued against the defendants as non-
resident debtors, October 4, 1841, and returnable on the
11th of the same month. They were regularly called at
three successive terms of the mayor's court, held in Oc-
tober, November, and December of 1841; and at the third
term they appeared by attorney, and moved to quash the
proceedings in the cause for want of jurisdiction. This
motion was overruled; and, final judgment having been
rendered against them, they removed the cause into this
court, and now claim a reversal of the judgment, on the
ground that the court below erred in assuming jurisdic-
tion.

*Barstow & Lockwood*, for the plaintiffs in error.

*C. O'Flynn*, City Attorney, for the defendants in error.

GOODWIN, J. delivered the opinion of the Court.
The question presented by this case is, whether the
Mayor's Court of the city of Detroit, has jurisdiction of
proceedings instituted under the provisions of chapter 1,
p. 506, of the Revised Statutes of 1838, entitled " Of pro-
ceedings against debtors by attachment."

It is claimed that the jurisdiction is conferred by the "act relative to the city of Detroit," approved April 4, 1827, (R. L. 1827, p. 570,) and the "act to amend the charter of the city of Detroit," approved April 12, 1841, (S. L. 1841, p. 192,)—especially by the latter.

It is most manifest that the jurisdiction cannot be sustained under the act of April 4, 1827; for, if the proceedings authorized by the attachment law found in the Revised Laws of 1827, were, as is insisted, embraced within its jurisdiction, by the act conferring its powers, yet, as by the Revised Statutes of 1838, that attachment law was repealed, and a new one passed, expressly designating the court in which those proceedings should be had, the jurisdiction would necessarily be excluded. This is a special statutory remedy, unknown to the common law; and in the chapter of the Revised Statutes of 1838, referred to, the proceedings are to be in the circuit court, and by its officers;—the writ to be issued by the clerk of that court;—to be directed to the sheriff of the county, and executed by him; and the whole are specially prescribed throughout, with reference to that court only. A reference, then, to the act of 1827, is only important as it is to be taken in connection with that of 1841, as to the jurisdiction claimed.

By the act of 1827, the mayor's court is made a court of record, the clerk of the city is its clerk, and the city marshal and constables are required to attend it;—and "the marshal and other ministerial officers" of the city are required to execute and return its process. Its sessions are monthly, on the second Monday of each month. It is clothed with a restricted criminal jurisdiction, over certain offences committed within the city, and power and authority is given to it, in the language of the act, "to hear, try, and determine, according to the laws of the United States, and of this territory, and according to the

by-laws and ordinances of the said common council, and according to the course of the common law, all actions, personal or mixed, arising within the limits of said city, to which the mayor, recorder, aldermen and freemen of said city, in their corporate capacity, are a party, and especially for the collection of taxes and other debts due to said corporation," &c.   § 38.

The jurisdiction thus conferred is local, extending only to actions of the description mentioned, arising within the city, and to which the corporation is a party; in other words, it is a special, limited jurisdiction.

By the act of 1841, § 3, it is provided that, "in addition to the powers it now has, it shall have and exercise original jurisdiction in all personal actions and remedies at law, arising within the bounds of said city, and to which the mayor, &c. in their corporate capacity are a party plaintiff,"—" and the said court shall have and exercise all the powers usually exercised by any court of record at the common law, for the full exercise of the jurisdiction given to it by law."

By section 4, "any civil action, of which said mayor's court has jurisdiction, may be commenced and proceeded in, in the same manner as is or may be required by the laws of the state in relation to such actions in the circuit court for the county of Wayne, so far as the same can apply."

The question is, whether, by these provisions, the jurisdiction is conferred.   The phraseology of the first clause of the third section, "personal actions and remedies at law," is very broad; but it may well be doubted whether the legislature intended thereby to authorize this special remedy, in regard to which the statute is express throughout as to the courts and officers by whom its proceedings shall be conducted, and minute in its directions as to all those proceedings; and the more especially, as

in the next clause of the same section, the exercise of "all the power usually exercised by courts of record at the common law, is expressly authorized for the full exercise of its jurisdiction." The proceeding by attachment is in the first instance *in rem:* it is strictly a statutory remedy, and one in which the course marked out by statute, at least as to all its substantial provisions, is required to be strictly pursued. If the provisions of the chapter referred to are literally pursued, the city officers, clerk, or marshal, can have no agency in executing them; but they are confined to the circuit court and its officers. But, if there be ambiguity in this section in reference to the intent of the legislature, it is removed by the provision in the fourth section, that any civil action may be commenced, and proceeded in, as by the laws of the state in relation to such actions in the circuit court for the county of Wayne, so far as the same can apply. Under the statute, civil actions of the nature of that in this case, may be commenced and proceeded in by attachment in the circuit court for the county of Wayne. It is one of the circuit courts embraced in the act. Can the law, and the proceedings under it, apply to the mayor's court? If not applicable to it, then, most manifestly, the mayor's court has not the jurisdiction. For the course of proceedings at the common law, and those prescribed relating to the circuit court for the county of Wayne, furnish the guides for its modes of proceeding under these sections.

By the attachment law, upon the return of the writ by the sheriff, a notice is required to be made by the clerk, and delivered to the plaintiff, which he is required to cause to be published, within thirty days—the publication to be for six weeks in succession. If a claim of property is interposed upon the service of the attachment, the officer serving it is required to give notice to a justice of the peace, who is thereupon to issue a venire for five jurors

to try the right, and from their decision and the judgment of the justice, an appeal may be taken to the circuit court.

The plaintiff, on an affidavit that the defendant in attachment has property in another county, may take another writ of attachment, directed to the sheriff of such county, upon which such property may be attached.

The defendant is to be called at the first, and two successive terms, and, at or before the third term, the plaintiff and other creditors may file declarations in the cause upon which proceedings may be had to judgment. After judgment, the property is required to be sold, and the proceeds distributed to those who have obtained such judgments, in proportion to their amount. And, if the original plaintiff discontinue, or is defended against successfully, it does not affect the proceedings of the other creditors who have filed their declarations.

If attachments have been issued by justices of the peace, under the statute authorizing such special proceedings by them, they are superseded by an attachment against the property of the defendant from the circuit court, and the property goes into the hands of the sheriff upon the circuit court process ;—the parties, however, being allowed to proceed to judgment before the justices, and file transcripts of such judgments in the circuit court, and obtain thereon their *pro rata* distribution.

Can these provisions apply to the mayor's court? As respects the officers issuing and executing the writ, probably the city clerk and marshal may well be deemed or substituted for the clerk and sheriff.

As to the notice : The terms of the circuit court are held twice in each year, about six months apart; and the third term, before which the plaintiff could not, by the act, obtain judgment, is eighteen months or thereabouts, from the return day of the writ; and the publication of the notice to the defendant, being made within

thirty days, and for six weeks in succession, would expire before the second term, and the defendant have after that until the third term to appear. The terms of the mayor's court being monthly, the term for judgment would arrive in two months; and the plaintiff having to the last of the thirty days from the return day to commence the publication, judgment might, in many cases, be rendered before the expiration of the six weeks. In this very case, the writ was returnable on the 11th October. A publication of notice, commenced on the 10th November, would have been in time, which would have made the last of six weeks' publication on the 15th December. The defendant, however, was actually called the third time on the 13th; and, if there had been no appearance or defence, the third default would then have been entered. The statute designed, by the requirement of the notice, that the defendant should have ample opportunity to appear and defend; and, in the circuit court, such opportunity is given after the publication; while, by the arrangement of the terms of the mayor's court, this manifest and just intent of the statute is defeated.

An appeal to the circuit court, on the trial of the right of the property attached, if taken directly after a term of the circuit court, could not be determined until the next term, six months after; while the judgment in the mayor's court on the attachment issued therefrom, would, if recovered at the third term, as contemplated, be recovered about two months from the return of the writ, and before the determination of such appeal.

If an affidavit is made and filed of the defendant's having property in another county, how is a writ to be issued from the mayor's court into another county? It must be directed to the sheriff of such county. The executive officers of the mayor's court are, by the constitution of that court, the ministerial officers of the city—particular-

ly the marshal—and the court has no authority to direct a process to the sheriff of any county. This provision of the statute, then, cannot at all be executed by the mayor's court. Nay, as the city officers are confined to the city, the court cannot reach property out of the city, within the county of Wayne. Yet, it is obviously the intent and policy of the statute to bring the whole of the non-resident or absconding debtor's property within the jurisdiction of the court issuing the attachment, that its proceeds may be distributed amongst all his creditors who shall interpose their claims.

When other creditors than the original plaintiff file their declarations, they become parties plaintiff in the proceedings; issues may be made; and upon each there must be trial and judgment. And, if the defendant should defend successfully against the corporation when plaintiffs, these other creditors would be the only parties in interest. But the jurisdiction of the mayor's court is confined to cases where the corporation are a party, and cannot, I think, by such expansive implication, be extended to the cases of the other creditors contemplated by the statute.

An attachment issued under this chapter supersedes any like process issued by a justice of the peace against the same defendant, and the officer serving it is authorized to take possession of the property attached by virtue of the latter; and, if issued from the mayor's court, and the plaintiff before the justice should still proceed to judgment, and present his transcript to the mayor's court to obtain his dividend thereon, he would there find that, as respects him, the mayor's court had no jurisdiction; and he could obtain no dividend, while the property which he had first procured attached, was withdrawn from his reach. Further: if an attachment were issued by a justice without the limits of the city, and property attached, it would, by the strict letter of the statute, be superseded

by the writ issued from the mayor's court, if the latter had jurisdiction ; and yet, the city officer, being confined to the city, could not go beyond it with his writ to take possession of the property. This portion of the statute, then, cannot be executed by the mayor's court as it is constituted.

From this consideration of the various provisions of the acts referred to in detail, as well as their whole scope, policy, and objects, it appears to us evident that the legislature did not intend to confer, and have not conferred on the mayor's court of the city of Detroit, the jurisdiction claimed for it, and which in this case it has assumed to exercise. Consequently, the judgment rendered by it must be reversed with costs.

*Judgment below reversed.*