EPHRAIM PRAY v. THE MAYOR AND COMMON COUNCIL OF JERSEY CITY.

1. Neither party to a suit can bring a writ of error to a judgment founded on a case reserved at the circuit.
2. The proper practice is to reserve at the circuit the liberty to turn such case reserved, into a special verdict, so that the legal points involved may appear on the record.

This was a motion to dismiss the writ of error.

For plaintiff in error, *Jacob Weart* and *S. B. Ransom*.

For defendants in error, *A. K. Brown*.

BEASLEY, CHIEF JUSTICE.   This was a suit commenced in the Supreme Cou. ꝑand on the trial of the cause before the Circuit Court of the county of Hudson, a verdict was taken for the plaintiff, subject to the opinion of the Supreme Court on a special or reserved case.   The decision of the Supreme Court was in favor of the defendant, and judgment final was thereupon entered against the plaintiff.   The present writ of error brings up that judgment.   Accompanying the record of the judgment from the court below, is the stated or reserved case, and it is upon it that errors in this court have been assigned exclusively.

Under these circumstances, it is clear, that this writ must be dismissed, for it is, and always has been, the settled rule of practice, that neither party can have the advantage of a review of the opinion of the court on a case stated.   In treating of this procedure, *Blackstone*, 3 *Com.* 378, says: "But as nothing appears upon the record but the general

verdict, the parties are precluded hereby from the benefit of a writ of error, if dissatisfied with the judgment of the court, or judge, upon a point of law." In practice, this imperfection of the proceeding is amended by the judge, at *nisi prius*, granting permission for either party to turn such case into a special verdict. But unless such power be expressly reserved, it has been repeatedly held that the change cannot be made, unless by the consent of the parties. 1 *Archb. Prac.* 452, (2d *English ed.*); *Archbishop of Canterbury* v. *Robertson*, 2 *Doug.* 78; 1 *C. & M.* 714; 6 *Q. B.* 69.

The result is that, according to the established practice, this court cannot notice the case reserved, being no part of the record; and the writ must, therefore, be dismissed.